## In re McDONALD.
### Patent Appeal No. 2638.

Court of Customs and Patent Appeals.
March 25, 1931.

John B. Brady, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has applied for a patent on a remote control system for incandescent electric lamp circuits. His apparatus consists of the following: A wire circuit carrying a two-phase alternating electric current extends from the generating system to relays located at the load. The applicant states in his specification, however, that the device may be used with a direct current. These relays are of a highly specialized construction, and are so arranged as to cut the current off the lighting circuit, or turn it on, at the throwing of a switch at the generating station. This switch is moved, and reverses the phase sequence of the energy supplied over the control line to said relays. These

relays are of a type by which a contact may be made by the impression of a momentary impulse of current on the relay windings in a particular phase sequence, upon receiving which impression the relay remains in the position in which it is set. When it is desired to change the position of this relay, a second impulse is sent over the circuit, caused by the throwing of the switch in question, which second impulse is in reversed phase sequence and by which the relays are caused to operate in an opposite direction from the position in which they had theretofore been. By this method the operator at the generating station can turn the lights at a distant point on or off as desired.

The references relied upon for rejection were Sargent et al., 766,391, August 2, 1904, and Currier et al., 1,441,267, January 7, 1923.

In the Sargent & Hall reference, the inventors devised a method of remote control of light or power circuits in connection with a direct current system. This consisted of the placing of electromagnetically actuated switches in the power circuit which are supplied with actuating coils connected to the source of current supply and to the contact terminals of a relay, preferably a polarized relay. These are connected in such a way that a reversal of polarity caused at the generating station by a manually operated switch, will cause these switches to open or shut as is desired by the operator, thus turning the current on or off in the desired way. The Board of Appeals has stated that this is an anticipation of the appellant's device, and that there is no invention in substituting the relays and change in phase sequences of appellant's disclosure for the relays and reversal of polarity in Sargent's & Hall's disclosure; that those skilled in the art would readily understand the change of construction required when the operator was dealing with a polyphase system instead of a direct current system; that the underlying principles, and the idea which constitutes the invention, are in the Sargent & Hall reference.

In addition, the Board of Appeals calls attention to the Currier reference, in which the inventor discloses a protecting device for polyphase circuits, and which is of particular use in electric elevators and similar mechanical contrivances. In the Currier reference a relay is found in the power circuit which remains in a certain condition until a change in the phase sequence, whereupon a contact device, operable by the relay, either opens or closes the circuit, as the case may be. As to this reference, the appellant here claims that the same is not an anticipation, because the

Currier relay is constantly energized by current, whereas in his device a momentary impulse is all that is required to operate the relays, thus making a useful improvement in the art, by economizing in power consumption.

In discussing the references, the Board of Appeals states: "In one sense it is true that the reversal of polarity in the Sargent et al. direct current system is really a reversal of phase in an alternating current system of zero frequency." The Board therefore comes to the conclusion that it would be uninventive to substitute in the Sargent & Hall system a frequency other than zero, either with one or more phases, and to change the control relay to be responsive to the new current, "because there exists in the prior art an alternating current relay known to be capable of actuation to close one or the other of two contacts on reversal of the phase sequence." From this suggestion the appellant vigorously dissents, and argues that the application of the principle to a polyphase current is entirely different.

We are not prepared to hold that the Sargent & Hall reference is, in itself, an anticipation of the appellant's device. That question is one which requires the views of experts in the art, with which we have not been favored in this matter, except such suggestions as have come from the tribunals of the Patent Office. Nor is it important that this matter be determined. It is sufficient to say that in our opinion the Currier reference is an anticipation of the idea involved herein, in view of the Sargent & Hall reference. The invention, if there be any, consists in a device which, by means of a switch, will reverse or change the phase sequence of an electric current in such a way as to energize or de-energize a relay, and connect or disconnect a load circuit connected with said relay. Currier taught this art when used with a polyphase alternating current by utilizing the result of a change of phase sequence, and any one skilled in the art would have no difficulty, after having studied the Currier reference, to apply the same principle to a remote lighting or power circuit which it was desired to control from a central station.

It is not claimed that in the relays or contacts or method of wiring used there is novelty or invention, as we understand it. The only claim is that the underlying idea of a change in phase sequence and its consequent effect on a relay is new, and should be the subject of patent. This is indicated by claim 5, which has been suggested by the

Board of Appeals as typical, and which is as follows:

"5. An electrical control system comprising in combination a source of two phase alternating current, a control circuit, independent sets of two phase relay systems connected with said control circuit, manually controlled means for momentarily connecting or disconnecting said source from said control circuit, an actuator for each of said relay systems capable of movement to either one of two positions according to the sequence of phases of the current from said source which may be impressed upon said relay systems and means for selecting the order of the phases of current from said source through said sets of independent relay systems for moving said actuators to selected positions."

We are of opinion this idea is not inventive with the appellant, and that the field was covered fully before he entered it.

This being true, it follows that the decision of the Board of Appeals should be, and is, affirmed.

Affirmed.